IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43609

| | |
|---|---|
| IN THE INTEREST OF: DOE CHILDREN, Children Under the Age of Eighteen (18) years. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JOHN DOE (2015-19), | ) ) ) |
| Respondent-Appellant. | ) ) ) |

2015 Unpublished Opinion No. 770

Filed: December 29, 2015

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas Kershaw, Magistrate.

Judgment terminating parental rights, affirmed.

Loren D. Bingham, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; James T. Baird, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

John Doe appeals from the magistrate's judgment terminating his parental rights to two of his children on the grounds of neglect. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

This action involves two children of John Doe: J.C. and R.C. Jr.[1] A child protection action (CPA) was opened in April 2013. At that time, John Doe and A.S. had one child together, J.C. A.S. also had three older children from another man. The CPA began as an expansion of a

---

[1] Doe and A.S. have a third child together, born in March 2015, who is not part of this action.

1

juvenile corrections action involving one of A.S.'s older children. The Department of Health and Welfare (the Department) placed all of A.S.'s children under protective supervision in A.S.'s home. At that time, A.S. was pregnant with Doe's child, R.C. Jr., giving birth to him and a stillborn twin on May 23, 2013. At the time of the birth, both A.S. and R.C. Jr. tested positive for methamphetamine. The Department then took immediate legal custody of all five children and placed them in foster care.

The Department developed a case plan for A.S. in June 2013. This plan included two tasks for Doe: first, to submit to a paternity test; and second, to follow a case plan if he was established as the biological father. Although Doe attended several supervised visits after the children were placed into foster care, he did not complete a paternity test until October 2013, six months after the CPA case was initiated. At that time, Doe was on probation for possession of a controlled substance.

Shortly after being established as the children's father, Doe violated the terms of his probation by using a controlled substance. He was then required to complete a retained jurisdiction program in the prison system from December 2013 until May 19, 2014. After his completion of that program, the Department developed a case plan for Doe that was approved by the court at the end of May. By August 2014, because both Doe and A.S. had made significant progress on their plans, the Department returned all five children to Doe and A.S. on an extended home visit. Unfortunately, the children were returned to foster care two months later, in October 2014, after both Doe and A.S. admitted to using methamphetamine. One-year-old R.C. Jr. tested positive for methamphetamine via a hair follicle test. The Department removed the children and placed them in foster care, where they have remained since that time. The Department also implemented an amended case plan. Because of Doe's methamphetamine use, he again violated the terms of his probation. He was incarcerated on a second retained jurisdiction program from January 2015 until May 2015.

On December 9, 2014, the Department filed a petition to terminate Doe's parental rights to J.C and R.C. Jr. on the grounds of neglect and best interests of the children. The termination trial was held in July 2015, twenty-six months after the Department took legal custody of the children. During the trial, the court heard testimony from numerous caseworkers, probation officers, as well as Doe himself.

2

The various testimonies revealed that Doe did not fully comply with either the initial or the amended case plan. Doe had been unable to secure and maintain safe, stable, and drug-free housing, as required. Between April 2013 and the time of the trial, Doe had spent eleven months incarcerated and another five months in halfway housing unsuitable for children. And, Doe was still residing in halfway housing at the time of the trial. Doe also admitted to relapsing on methamphetamine during the two-month period that the children were in his home. Additionally, Doe was unable to show that he could provide financial stability. Although employed at the time of the hearing, Doe's employment history had been sporadic. He admitted to not paying child support voluntarily; his only contribution to the children's support had been through mandatory wage garnishments. Doe did not provide a budget to the Department nor did he participate in counseling, as required. Doe also acknowledged at trial that he was not in a position to provide appropriate care to his children.

Other testimony revealed that Doe was often uncooperative with caseworkers--he missed appointments and did not provide proof of compliance with case plan requirements. And, although Doe had attended substance abuse recovery programs, he did not complete a drug recovery program either before or after his most recent relapse. Ultimately, the magistrate entered judgment terminating Doe's parental rights to J.C. and R.C. Jr.[2] Doe timely appeals.

## II.

## ANALYSIS

In an action to terminate parental rights, due process requires this Court to determine if the magistrate's decision was supported by substantial and competent evidence. *In re Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). Substantial and competent evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. at 345-46, 144 P.3d at 599-600. This Court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). We conduct an independent review of the record that was before the magistrate. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

---

[2]     Via the same termination petition and trial, the Department also successfully moved to terminate A.S.'s parental rights as to each of the five children in the CPA case, including J.C. and R.C. Jr. And, it successfully moved to terminate the parental rights of the father of A.S.'s three older children.

3

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). *See also Quilloin v. Walcott*, 434 U.S. 246, 255 (1978). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). "Implicit in [the Termination of Parent and Child Relationship Act] is the philosophy that wherever possible family life should be strengthened and preserved . . . ." I.C. § 16-2001(2). Therefore, the requisites of due process must be met when the Department intervenes to terminate the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the Department prove grounds for terminating a parent-child relationship by clear and convincing evidence. *Id.*

Idaho Code § 16-2005 permits the Department to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period which will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Here, the magistrate terminated Doe's parental rights on the ground of neglect, I.C. § 16-2005(1)(b). Doe argues that this decision was not supported by clear and convincing evidence and was thus erroneous. Idaho Code § 16-2002(3) defines neglect as any conduct included in I.C. § 16-1602(28), as well as situations where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case, and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Idaho Code § 16-1602(28)(a) provides that a child is neglected when the child is "without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents . . . or their neglect or refusal to provide them." Here, the record supports the magistrate's conclusion that Doe neglected his children under both statutory definitions of neglect.

4

Regarding Doe's failure to provide proper parental care, the evidence before the magistrate showed that Doe has struggled with drug abuse for years. *See In re Doe 2009-19*, 150 Idaho 201, 208-09, 245 P.3d 953, 960-61 (2010) (considering a parent's past circumstances and conduct as evidence of whether current changes would be long lasting). He failed to comply with the terms of his probation on two different occasions, resulting in periods of incarceration. Doe also admitted to using methamphetamine during the period that the children were in his custody for the extended home visit between August 2014 and October 2014. His one-year-old son, R.C. Jr., tested positive for methamphetamine at that time. Doe has also failed to provide child support voluntarily for any of his children. Doe's history of neglectful behavior demonstrates substantial and competent evidence that Doe failed to provide his children with proper parental care and control under I.C. § 16-1602(28)(a).

The record also supports the magistrate's conclusion that Doe neglected his children by failing to complete his case plans. Doe argues that he complied with all of the original case plan tasks except for the completion of parenting classes, which requires the children to be in his home for participation. However, while the children were in Doe's care, he made no effort to complete that task. Instead, Doe admitted to using methamphetamine during that time. Moreover, the record does not support Doe's contention that he has remained compliant with the case plan tasks. Doe has not cooperated with workers from the Department to demonstrate his compliance with the required tasks. He contends that he did not know he was required to provide the Department with proof of his compliance because he lost his copy of the case plan when he was incarcerated for the second time. However, after his release in May 2015, Doe made no effort to contact the Department's caseworker to obtain another copy or to check on the status of the case. Further, Doe has not maintained stable and drug-free housing, did not remain drug free, did not demonstrate sustained financial stability, did not complete a budget, did not complete a parenting program, did not comply with the terms of his probation, and did not attend counseling. Thus, the magistrate's decision is supported by substantial and competent evidence of neglect on this basis as well.

Having established a sufficient statutory basis for termination, we next turn to whether termination of the parent-child relationship is in the best interests of the children. When determining whether termination is in a child's best interests, the trial court may consider the stability and permanency of the home, unemployment of the parent, the financial contribution of

the parent to the children's care after the children are placed in protective custody, improvement of the children while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).

The record supports the magistrate's finding that termination was in the best interests of the children. Doe is unable to provide a stable and permanent home to the children. At the time of the trial, Doe was living in halfway housing that was unsuitable for children. He had no immediate plans for obtaining suitable housing and admitted that he was unable to provide for the children at the time of the trial. During the twenty-six-month duration of the action, Doe was either incarcerated or living in halfway housing for sixteen of those months. Also, despite being employed at the time of the trial, the record revealed an unstable employment history. Doe's only contribution to the children's care has been through mandatory wage garnishments. Finally, the record indicates that Doe continues to have problems with the law. He violated the terms of his felony probation twice after the child protection action commenced, resulting in his incarceration both times.

There is substantial evidence in the record that the children are improving in foster care, where they are able to remain together. J.C. has demonstrated improved communication skills. And, R.C. Jr., despite testing positive for methamphetamine at birth, is reportedly doing very well in foster care. After entering foster care, both children completed the Department's infant-toddler program and tested at age-appropriate developmental stages, and they have been able to receive needed medical care.

Despite Doe's efforts to improve his situation, he is still unable to offer permanency and stability to his children. Because there is substantial and competent evidence to support the statutory grounds for termination and to support finding that parental termination is in the best interests of the children, the magistrate did not err by terminating Doe's parental rights.

### III.

### CONCLUSION

There was substantial and competent evidence in the record supporting the magistrate's decision to terminate Doe's parental rights. Therefore, the magistrate's judgment terminating parental rights is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.